UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------X

A DEWEY DOES CORPORATION,

    Plaintiff

v.      Civil Action No. 05 5669

THE HELPFUL DOO-ITS PROJECT, LLC

    Defendant

------------------------------------X

### COMPLAINT

Plaintiff, A Dewey Does Corporation ("Plaintiff" or "A Dewey") alleges against defendant The Helpful Doo-Its Project, LLC ("Defendant" or "Helpful") as follows:

### JURISDICTION AND VENUE

1.    This is an action for the infringement of a registered trademark, for false designation of origin arising under the Lanham Act, 15 U.S.C. § 1051 et seq. and New York statutory and common law claims. This Court has jurisdiction of this action under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338, 28 U.S.C. § 1367 and under 28 U.S.C. § 1332, the parties being citizens of different states and the matter in controversy exceeding the sum of $75,000, exclusive of interest and costs.

2.    Venue is proper in this district under 28 U.S.C. § 1391, this being the judicial district where Plaintiff resides and in which a substantial part of the events giving rise to the cause of action occurred.

1

## THE PARTIES

3. Plaintiff is a corporation organized and existing under the laws of the State of New York, having a principle place of business at 2236 Victory Blvd., Staten Island, N.Y. 10314.

4. Defendant is a corporation organized and existing under the laws of the State of California, having a principle place of business at 2082 Business Center Dr., Suite 163, Irvine, CA 92612-1113.

## PLAINTIFF'S HISTORY

5. In 1999, the character "Dewey Does", a nine-year-old boy who loves sports, was born. Plaintiff based the Dewey Does character on its founder's five year old son who seemed fearless. Inspired by his son's fervor for life, Plaintiff's founder set out to develop a comprehensive group of learning and motivation products and services around the Dewey Does character to teach children self-assurance, to lead a healthy and active lifestyle, and to develop athletic skills.

6. Since 1999, Plaintiff has used the trademark DEWEY DOES in connection with a cartoon strip, a book series (audio and print), teaching workbooks activities and aids, coloring books and posters, a clothing line, dolls and figurines, a television show, a touring stage show, a fitness program and an interactive family website.

7. Plaintiff has used the trademark DEWEY DOES in connection with clothing since at least as early as April 21, 1999. Plaintiff owns a U.S. trademark registration for DEWEY DOES (Stylized) in Class 25, Reg. No. 2,764,662, dated September 16, 2003.

8. Since at least as early as August 2000, Plaintiff has used the mark DEWEY DOES on or in connection with a family-oriented web site where children and their parents can obtain information about DEWEY DOES books and activities, and print pictures for coloring and play games.

9. Since at least as early as 2001, Plaintiff has used the trademark DEWEY DOES in connection with the marketing and sale of DEWEY DOES dolls and figurines.

10. Since at least as early as July 3, 2002, Plaintiff has used the trademark DEWEY DOES in connection with the sale of a series of children's books called DEWEY DOES. The series has been quite popular as a teaching aid in schools. In connection with the book series, Plaintiff offers teaching workbook activities and other aids for classroom use. The DEWEY DOES series has received quite favorable reviews. Given the favorable reviews for the series of books and teaching aids, they are sold in most major book retail chains and used by a significant number of school districts.

11. Dewey Does has a strong commitment to community involvement. Since May, 2001, the Dewey Does character (mascot) and promotional van have appeared for book signings, health and fitness programs in local communities and schools, sports clinics and charitable events. Each year, thousands of free coloring/activity books, motivational shirts and sports CDs are distributed to schools, day care centers and youth programs across the country.

12. Through the *Dewey Does Most Valuable Player Physical Fitness* program, kids are encouraged to exercise and improve strength, endurance, cardiovascular circulation and flexibility. These activities strengthen health and improve fitness and physical skills.

13. In 2004, Plaintiff aired a television show entitled "Dewey Does 110%" on a local cable network. The show profiles young athletes who give 110% in their sport.

14. The Dewey Does Foundation was established to help children understand the importance of health, fitness and obesity and how it ties into sports. Since 2003, the "What does Dewey Does do" stage show has been offered to elementary schools through the Dewey Does Foundation.

15. Plaintiff has also partnered with Fidelis Care of New York, a premier health insurance company, to use DEWEY DOES to promote health and fitness for children.

16. Plaintiff is negotiating with a national television network for a Dewey Does animated television series.

17. The above-referenced goods and services have been extensively advertised and promoted, have been featured in various print and audio-visual media, and as a result DEWEY DOES has become widely known to the trade and to the public as being exclusively associated with Plaintiff, as a popular learning and motivation aid for children.

## DEFENDANT'S CONDUCT

18. In mid-2003, Defendant allegedly began to distribute a series of books and CDs for children called: DEWEY DOO- IT. The works contain a group of characters called the DOO-ITS, but the main character and focus of the works is: DEWEY DO-IT. DEWEY DOO-IT is prominently displayed as a trademark on the goods and packaging for the goods.

19. As indicated on Defendant's website, the character Dewey Doo-It's mission is to teach kids the value and importance of helping others; to nurture in each child the qualities of selflessness and kindness; to teach compassion; and, to tell children about people who

4

reach out and help others, i.e., the "modern day heroes who see a need and respond to it with selflessness, ingenuity and compassion."

20. In connection with the DEWEY DO-IT stories and CDs, Defendant has developed and distributes a teacher's kit to teach core curriculum requirements in schools while reinforcing and motivating students to become real doers in the classroom and the community. Each kit contains hardcover books, celebrity music CDs; teacher's guides with comprehensive exercises; stickers, diplomas, and other activities, including character dies. Defendant also sells coloring book sets.

21. Defendant has filed a U.S. Trademark Application for the mark DEWEY DOO-IT (stylized) for pre-recorded CDs and videotapes featuring music and stories for children in Class 9, children's books in Class 16, and plush toys in Class 28. The application is based on Section 1(a) of the Trademark for Classes 9 and 16 and Section 1(b) of the Trademark Act for Class 28.

22. Defendant claims in its application to have first used the mark DEWEY DOO-IT (stylized) for pre-recorded CDs and videotapes featuring music and stories for children in Class 9 on October 1, 2003, a date that postdates its application filing date of August 29, 2003.

23. Defendant claims to have first used the mark DEWEY DOO-IT (Stylized) for children's books in Class 16 on July 18, 2003.

24. Defendant's proposed trademark DEWEY DOO-IT is confusingly similar to Plaintiff's trade/service mark DEWEY DOES.

25. The respective goods and services of Plaintiff and Defendant are either identical and/or closely related and are and will be sold, marketed, distributed, and/or provided to the same or similar consumers.

26. The use and registration of Defendant's trademark DEWEY DOO-IT (stylized) is likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association with Plaintiff's trade/service mark DEWEY DOES, and as to the origin, sponsorship, or approval of the goods/services for which the respective marks are used or are intended to be used. In fact, Plaintiff has become aware of actual instances of confusion in the marketplace.

27. The use and registration of Defendant's trademark DEWEY DOO-IT (stylized) will interfere with Plaintiff's use and enjoyment of its trade/service mark for DEWEY DOES to the damage and injury of Plaintiff and result in a likelihood of confusion, mistake and deception to the public.

## DAMAGES COMMON TO ALL CLAIMS

28. Defendant's wrongful conduct has deprived Plaintiff of goodwill and injured its relationship with its customers and partners.

29. As a result of Defendant's conduct, Plaintiff is suffering, and will continue to suffer irreparable harm and damage. Defendant will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable injury. Plaintiff's remedy at law is not adequate to compensate for the injuries suffered and threatened.

30. By reason of Defendant's acts complained of herein, Plaintiff has suffered and continues to suffer monetary damages in an amount thus far not determined.

## FIRST CLAIM FOR RELIEF

(Infringement of Registered Trademark)

31. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 30 of this Complaint.

32. Defendant's unauthorized use of the DEWEY DOO-IT trademark is likely to cause confusion, to cause mistake, and/or to deceive. Defendant's activities constitute infringement of Plaintiff's rights granted by virtue of Plaintiff's United States Trademark Registration recited above, in violation of Section 32(1) of the Trademark Act, 15 U.S.C. § 1114(1).

33. By reason of the foregoing acts, Defendant has willfully and maliciously infringed Plaintiff's federally registered trademark in commerce that may be lawfully regulated by Congress in violation of the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, and more particularly of 15 U.S.C. §1114 (1)(a).

## SECOND CLAIM FOR RELIEF

(False Designation of Origin and False Description)

34. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 30 of this Complaint.

35. By reason of the foregoing acts, Defendant has falsely designated the origin of its goods as that of Plaintiff and made false descriptions and representations as to the goods, the ownership of the trademark rights, and the very nature and sponsorship of the goods.

36. Defendant's activities are likely to and do create confusion among the relevant public, the trade, and the public at large; are likely to and do deceive the foregoing concerning the origin, sponsorship or approval of the goods sold by Defendant; will otherwise mislead purchasers as to the nature and origin of Defendant's goods; and, as a result, severely damage the image of Plaintiff as the source of its goods and as the exclusive owner of its trademark.

37. Said acts are in violation of 15 U.S.C. §1125(a).

### THIRD CLAIM FOR RELIEF

(Common Law Unfair Competition)

38. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 30 of this Complaint.

39. Defendant by reason of the foregoing acts, has traded upon and appropriated to itself the reputation and valuable goodwill of Plaintiff and acted to create likelihood of confusion and mistake on the part of the purchasing public and the trade as to the source or sponsorship of Defendant's goods.

40. Defendant's acts are likely to lead the public mistakenly to believe that Defendant's goods are in some way sponsored by, or associated with Plaintiff and create the impression that Defendant's goods are distributed under Plaintiff's aegis and authority.

41. Defendant's activities constitute unfair competition, unprivileged imitation and a misappropriation and infringement of Plaintiff's rights, all to Plaintiff's injury and detriment. Defendant has engaged in the above conduct willfully, maliciously, and/or in reckless disregard of Plaintiff's rights.

42. The aforesaid acts of Defendant constitute infringement, misappropriation and misuse of Plaintiff's trademark, false advertising, passing off and unfair competition with Plaintiff under New York common law.

## FOURTH CLAIM FOR RELIEF

(Against Defendants for Dilution and Injury to Business Reputation)

43. Plaintiff repeats and reallages each of the allegations set forth in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

44. Defendants' use of the DEW DOO-IT trademark is in violation of N.Y. Gen. Bus. Law § 360-1, in that it is likely to cause injury to Plaintiff's business reputation and dilute the distinctive quality of the DEW DOES trademark.

45. Unless restrained and enjoined by this Court, Defendant will continue to violate Plaintiff's rights and irreparably impair and damage the distinctive quality of the DEW DOO-IT trademark. No adequate remedy at law exists for the irreparable harm to Plaintiff. Accordingly, Plaintiff is entitled to injunctive relief.

## FIFTH CLAIM FOR RELIEF

(Against Defendants for Violation of Deceptive Trade Practices Act)

46. Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

47. Defendant's use of the DEW DOO-IT trademark constitutes a deceptive trade practice in violation of N.Y. Gen, Bus. Law §§ 349 and 350-a.

48. Unless restrained and enjoined by this Court, Defendant will continue to violate Plaintiff's rights and irreparably impair and damage Plaintiff. No adequate remedy at law exists for the irreparable harm to Plaintiff. Accordingly, Plaintiff is entitled to injunctive relief.

**WHEREFORE**, Plaintiff requests that this Court enter judgment:

49. Permanently enjoining Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from using or displaying the mark "DEWEY DOO-IT" alone or in combination with other words, letters, numbers or designs, as a trademark, trade name or service mark, or in any other manner;

50. Requiring Defendant to account to Plaintiff for any and all profits derived by it and for all damages sustained by Plaintiff by reason of the acts complained of herein, that the damages and profits herein be trebled and that Defendant pay punitive damages to Plaintiff;

51. Requiring Defendant to pay to Plaintiff its costs and attorneys' fees along with prejudgment interest;

52. That Defendant be required to make all reasonable efforts to retrieve all infringing materials sold, or otherwise distributed by it.

53. That Defendant be required to deliver to Plaintiff for destruction, all promotional materials, solicitations and all other documents in Defendant's possession or under its control which is subject to the injunctive order of this Court.

54. That Defendant be required to place advertisements as directed by this Court indicating that the goods sold by it in violation of Plaintiff's rights were not in any way

connected with Plaintiff and that such goods are no longer being sold or marketed by it, and that Defendant will no longer manufacture or distribute such goods under such trademark.

55. Ordering such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury of all issues that are triable by jury.

Dated: December 5, 2005

Respectfully submitted,

Robert L. Epstein (RE 8941)
Jason M. Drangel (JD 7204)
William C. Wright (WW 2213)
Attorneys for Plaintiff
EPSTEIN DRANGEL
BAZERMAN & JAMES, LLP
60 East 42nd Street, Suite 820
New York, NY 10165
Tel.: (212) 292-5390
Fax: No. (212) 292-5391